Filed 12/19/22  P. v. Wilcox CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>MICHAEL WILCOX,<br><br>　　　　Defendant and Appellant. | C096143<br><br>(Super. Ct. No. 20CF03721) |
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>MICHAEL WILCOX,<br><br>　　　　Defendant and Appellant. | C096227<br><br>(Super. Ct. No. 22CF00312) |

Appointed counsel for defendant Michael Wilcox asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)

1

We requested supplemental briefing as to whether defendant's upper term sentence was imposed in a manner that complies with Penal Code section 1170, subdivision (b), as amended by Senate Bill No. 567 (2021-2022 Reg. Sess.). Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment. We have, however, found a clerical error in the abstract of judgment which we will direct the trial court to correct.

## BACKGROUND

While on probation defendant pleaded no contest in case No. 20CF03721 (case No. 721) to felony possession of a controlled substance for sale. (Health & Saf. Code, § 11378.)[1] The trial court terminated defendant's prior grant of probation, made an unusual case finding, and issued a new grant of probation.

Shortly thereafter defendant reoffended and pleaded no contest in case No. 22CF00312 (case No. 312) to possessing a controlled substance for sale. (Health & Saf. Code, § 11378.)

In March 2022, the trial court sentenced defendant to the upper term of three years in prison for case No. 312 and a consecutive one-third middle term of eight months in prison for case No. 721. The probation officer's report did not set out defendant's full criminal history but stated defendant "has been consistently committing new crimes since 2004 and was on probation less than five days when he committed the instant offense." In selecting the upper term sentence, the court noted the following circumstances in aggravation: "The defendant's prior convictions as an adult or sustained petitions as a juvenile are numerous or of increasing seriousness. Defendant has served prior prison terms; the defendant was on probation for – well, five days at the time of this offense in

---

[1] Defendant also pleaded no contest in case No. 21CM01752 to misdemeanor possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a).)

which he was found with an ounce of methamphetamine; defendant's prior performance on probation was unsatisfactory."  The court found no factors in mitigation.

The court then ordered defendant to pay numerous fines and fees and granted defendant a total of 140 days' credit for time served.

Defendant timely appealed both cases.  On our own motion, we consolidated defendant's appeals for purposes of oral argument and decision.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We requested supplemental briefing as to whether defendant's upper term sentence was imposed in compliance with newly amended guidelines for triad sentencing.  Defendant acknowledges he was sentenced after the effective date of the statute, the trial court was aware of the new legislation, and trial counsel did not object to the imposition of the upper term sentence.  Thus, defendant forfeited any claim of sentencing error.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.  However, we have found a clerical error in the abstract of judgment that must be corrected.  The abstract of judgment incorrectly indicates defendant was convicted in case No. 312 of a violation of Health and Safety Code section 11379, subdivision (a).  The transcript of the plea colloquy, the minutes of that proceeding, defendant's plea form, and the court's oral pronouncement of judgment all reflect that defendant was convicted of a violation of Health and Safety Code section 11378.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.)

3

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment reflecting defendant's conviction in case No. 312 was based on Health and Safety Code section 11378. The court shall forward the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

/s/
HOCH, J.

We concur:

/s/
HULL, Acting P. J.

/s/
MAURO, J.

4